THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
HEATHER ANN MOORE                  *
131 E. Ostend St.                  *
Baltimore, MD  21230               *
                                   *
              Plaintiff,           *
                                   *   CIVIL ACTION _____
                                   *
      vs.                          *
                                   *   SUPERIOR COURT NO. 06-0004968
ELI LILLY AND COMPANY              *
Lilly Corporate Center             *
Indianapolis, IN  46285            *
                                   *
              Defendant.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**DEFENDANT ELI LILLY AND COMPANY'S**
**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

**INTRODUCTION**

1.  On June 28, 2006, Plaintiff filed this case against Lilly. The action is styled as *Heather Ann Moore v. Eli Lilly and Company,* Civil Action No. 06-0004968, in the Superior Court of the District of Columbia, Civil Division. In her Complaint, Plaintiff claims that her alleged *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations and infertility. *See* Complaint at ¶ 4.

2.  Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

132117v1

## NOTICE OF REMOVAL IS TIMELY

3. Plaintiff served her Complaint in this action on Lilly on June 30, 2006. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

5. Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought." Plaintiff filed this action in the Superior Court of the District of Columbia. No defendant in this action is a citizen of the District of Columbia.

6. Upon information and belief, Plaintiff is a citizen of Maryland. *See* caption of Plaintiff's Complaint, listing Plaintiff's residence in Baltimore, Maryland.

7. Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

132117v1

- 3 -

## AMOUNT IN CONTROVERSY

9.  In her Complaint, Plaintiff seeks $2,000,000 in compensatory damages from Lilly. *See* Complaint at p. 5. Based on Plaintiff's damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

10. Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

11. Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A Copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

12. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

13. Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

14. Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Heather Ann Moore v. Eli Lilly and Company,* Civil Action No. 06-0004968, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

*Michelle R. Mangrum*
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

132117v1

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036

**Attorney for Plaintiff**

*/s/ Michelle R. Mangrum*
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**