# Exhibit A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

HEATHER ANN MOORE ]
131 E Ostend Street ]
Baltimore, MD 21230 ]
 ]
 ]
       Plaintiff, ]
v. ]  Civil Action No.
 ]
ELI LILLY AND COMPANY ]
Lilly Corporate Center ]
Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]
Washington, DC 20005 ]
 ]
       Defendant. ]



## COMPLAINT
(DES Litigation – Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 11 D.C. Code §921 (2001 ed.).

2. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
(Negligence)

3. On or about 1969 and 1970, during her pregnancy with Plaintiff Heather Anne Moore, the mother of the Plaintiff herein, bought and ingested DES in Massachusetts. Her

physician prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17.  At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.  As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.  All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.  Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.  The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.  At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.  As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24.  The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the

placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Heather Anne Moore demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

HEATHER MOORE

*Plaintiff*

VS.

ELI LILLY AND COMPANY

*Defendant*

0004968-06

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

*Clerk of the Court*

By
Deputy Clerk

Date JUN 28 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

HEATHER A MOORE
   Vs.                                               C.A. No.     2006 CA 004968 B
ELI LILLY AND COMPANY

## INITIAL ORDER

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                   Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date: June 28, 2006
Initial Conference: 9:15 am, Friday, October 06, 2006
Location: Courtroom 219
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.