IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER ANN MOORE,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ELI LILLY AND COMPANY,  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No.: 1:06-CV-01252 |

**DEFENDANT ELI LILLY AND COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
UNTIMELY EXPERT DESIGNATIONS
OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

Eli Lilly and Company ("Lilly") respectfully requests that this Court strike "Plaintiff's Supplemental 26(a)(2) Statement," which purports to designate additional experts after the expiration of plaintiff's expert designation deadline. By attempting to name five new experts[1] (each of which plaintiff's counsel knew about before plaintiff's expert deadline expired), plaintiff has violated Rule 16(b) and this Court's October 31, 2006 minute entry scheduling order ("scheduling order"). Plaintiff offers no justification for disregarding the Court's rules and deadlines. If the Court permits such behavior, Lilly will be prejudiced. Accordingly, the Court should strike Plaintiff's Supplemental 26(a)(2) Statement and preclude any individuals identified therein from testifying in this case. In the alternative, the scheduling order deadlines should be extended to allow Lilly the opportunity to depose these new experts and the opportunity to identify and disclose new experts of its own.

---

[1] John J. Hefferren; James P. DellaVolpe; Harold B. Sparr; Philip J. Cafferty; and Julius Piver.

1

139998v2

## FACTUAL BACKGROUND

On October 31, 2006, this Court entered its scheduling order, which required plaintiff Heather Ann Moore to designate her expert witnesses on or before January 2, 2007. *See* **Exhibit 1**. On January 2, 2007, plaintiff submitted her written expert designations, listing four expert witnesses: Harris Busch; Richard J. Falk; Brian Strom; and Katherine Miller Bass. *See* **Exhibit 2**.

On May 17, 2007, more than three months after Lilly's expert deadline had expired, and more than four months after plaintiff's expert deadline had expired, plaintiff submitted "Plaintiff's Supplemental 26(a)(2) Statement." This "supplement" named five additional experts who did not appear on plaintiff's prior expert statement: John J. Hefferren; James P. DellaVolpe; Harold B. Sparr; Philip J. Cafferty; and Julius Piver.[2] *See* **Exhibit 3**.

## LAW AND ARGUMENT

The Court should strike Plaintiff's Supplemental 26(a)(2) Statement (the "May 17th Statement") because plaintiff not only ignored the Court's scheduling order but offered no explanation for her actions.

A. **The Court Should Strike Plaintiff's New Experts Due to Plaintiff's Violation of the Scheduling Order**

As an initial matter, plaintiff did not seek to amend the scheduling order to provide additional time for her expert designations. Nor, for the reasons set forth below – including the undisputed fact that plaintiff's counsel has known of these experts for some time – could plaintiff have made the requisite "good cause" showing for such an amendment. *See* FED. R. CIV. P. 16(b) (requiring that leave of court be sought, and a showing of good cause made, before a

---

[2] Plaintiff's counsel advised Lilly that they were "amending our Expert Disclosures in all DES cases filed by this office" in a letter on April 25, 2007. *See* **Exhibit 4**. In a May 3, 2007 letter, Lilly responded that it would not agree to such untimely designations. *See* **Exhibit 5**.

2

139998v2

scheduling order may be modified); L.Cv.R. 16.4 (same). Plaintiff thus cannot be heard to complain about her January 2, 2007 expert designation deadline.

When a party fails to obey a court's scheduling order, the judge . . . may make such orders with regard thereto as are just . . . ." *See* FED. R. CIV. P. 16(f). The Court's authority specifically includes the power "to bar an expert witness from testifying where counsel has failed to comply with deadlines spelled out in the scheduling order." *Standard Servs. Co., Inc. v. Witex USA, Inc.*, No. 02-537, 2003 U.S. Dist. LEXIS 7233, at *5 (E.D. La. Apr. 30, 2003). Here, the Court should use such authority to bar plaintiff's late-designated expert witnesses from testifying.

### B. This Court Should Strike Plaintiff's Untimely Designation of Experts

In determining whether to bar plaintiff's untimely experts, the Court looks to Rule 37(c)(1). *See Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (applying 37(c)(1) to exclude an untimely expert report); *Kasparian v. Eli Lilly and Co.*, 06-cv-00290 (D.D.C.) (Apr. 17, 2007 Order, at 3) (applying 37(c)(1) to exclude a late-designated expert) (**Exhibit 6**). Rule 37(c)(1) states that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *See also* L.Cv.R. 26.2(a) (reciting the same standard). Thus, plaintiff's May 17th Statement should be excluded, "unless the failure to disclose is harmless, or if there was substantial justification for such failure." *Minebea Co.*, 231 F.R.D. at 6. As discussed below, plaintiff cannot establish that her failure to timely disclose five experts was either substantially justified or harmless.

3

139998v2

### 1. Plaintiff's Untimely Submission Is Not Substantially Justified

Here, plaintiff has offered no explanation, let alone a substantial justification, for her untimely expert designations. Plaintiff identified these newly-named experts more than four months after her expert deadline expired. District of Columbia courts have excluded untimely designated expert witnesses where, as here, the party failed to provide a substantial justification for their failure to identify the expert within the time allowed by the scheduling order. *See Minebea Co.*, 231 F.R.D. at 6 ("Rule 26(a)(2) specifically contemplates the exclusion of reports, such as this one, that are filed too late to provide the opposing party with an adequate opportunity to respond or prepare a response for trial."); *see also Coles v. Perry*, 217 F.R.D. 1, 3-4 (D.D.C. 2003) (striking expert report submitted after the deadline); *United States ex rel. Fago v. M&T Mortg. Corp.*, 2006 WL 949899 (D.D.C. Apr. 11, 2006) (same); *Kasparian v. Eli Lilly and Co.*, 06-cv-00290 (D.D.C.) (Apr. 17, 2007 Order, at 3) (striking designation of a new expert submitted after the deadline) (**Exhibit 6**).

It may be that plaintiff believes calling her May 17th Statement a "supplement" means the deadlines in the scheduling order do not apply. However, as the *Minebea* court stated, "Rule 26(e) does not permit parties to file supplemental reports whenever they believe such reports would be 'desirable' or 'necessary' to their case." *Minebea Co.*, 231 F.R.D. at 6. *See also, Coles*, 217 F.R.D. at 3 ("26(e) does not grant a license to supplement a previously filed expert report because a party wants to . . . ."). Plaintiff's May 17th Statement actually goes further than the conduct deemed unacceptable in *Minebea Co., Coles*, and *ex rel. Fago*. Instead of providing new or bolstered reports from existing experts, as in those cases, plaintiff is trying to add an entirely *new* group of experts.

Moreover, while Rule 26(e)(1) does impose an obligation to supplement expert disclosures, the rule is not a free pass to add experts after the deadline. Rather, supplementation is required when one "*learns* that in some material respect the information disclosed is incomplete . . . ." FED. R. CIV. P. 26(e)(1) (emphasis added). Plaintiff could not have *learned* of these experts after her deadline because they are all individuals plaintiff's counsel *has identified in previous cases*.[3]

Plaintiff's counsel identified Harold B. Sparr nearly three years ago in *Bohlin v. Eli Lilly and Co.*, 05-cv-11577 (D. Mass.). *See* **Exhibit 7** (Plaintiff's September 23, 2004 Rule 26(b)(4) statement in *Bohlin*). Similarly, James P. DellaVolpe was identified over a year ago in *Maxwell v. Eli Lilly and Co.*, 05-cv-12447 (D. Mass.). *See* **Exhibit 8** (Plaintiff's April 18, 2006 Rule 26(b)(4) statement in *Maxwell*). Philip J. Cafferty was deposed nearly four years ago in the case of *Dean v. Eli Lilly and Co.*, 02-cv-11078 (D. Mass.). *See* **Exhibit 9** (first page of August 22, 2003 deposition transcript in *Dean*). Likewise, plaintiff's counsel submitted the affidavit of Julius Piver, dated February 1, 2006, as an appendix to their opposition to a summary judgment motion in *Kasparian v. Eli Lilly and Co.*, 06-cv-00290 (D.D.C.). *See* **Exhibit 10** (Affidavit of Julius Piver filed as Appendix 6 to docket item 15 in *Kasparian*). Finally, plaintiff's counsel submitted the unsigned affidavit of John J. Hefferren, dated November 10, 2006, as an attachment to their opposition to a summary judgment motion in *Cook v. Eli Lilly and Co.*, 05-cv-03406 (D.C. Super. Ct.). *See* **Exhibit 11** (Affidavit of John J. Hefferren filed as Attachment 19 to plaintiff's November 20, 2006 Opposition to Defendant's Motion for Summary Judgment

---

[3] The mere fact that plaintiff's counsel has identified these experts in prior litigation does not illustrate that Lilly should have anticipated such here. *See* **Exhibit 6** (Apr. 17, 2007 Order, at 3, in *Kasparian v. Eli Lilly and Co.*, 06-cv-00290 (D.D.C.) ("Plaintiffs cite no support for the proposition that Lilly should anticipate the identification of an expert from prior litigation, and there is no reason that Lilly should have known that Plaintiffs would rely on [such] testimony in this litigation."). It only illustrates that plaintiff's counsel knew of these experts long before their expert deadline expired in this case.

139998v2

in *Cook*). Because plaintiff's counsel knew of all five experts long before plaintiff's January 2, 2007 expert designation deadline, plaintiff cannot claim she *learned* of them after the deadline passed. Plaintiff's May 17th Statement is therefore not the type of supplement permitted by Rule 26(e).

Since plaintiff's late designation is not a "supplement" under the Rules, and since she provides no substantial justification explaining why she could not have timely-designated these five experts, the Court should strike the purported designations and preclude the new experts from testifying in this case.

### 2. Plaintiff's Untimely Submission Is Not Harmless Because Lilly Will Be Prejudiced If The Court Does Not Exclude These New Designations

Plaintiff's untimely expert designation is not harmless because Lilly's expert witness deadline expired on February 2, 2007, thus preventing Lilly from having the opportunity to identify and designate new experts to rebut plaintiff's newly-named experts. Additionally, plaintiff's May 17th Statement was submitted so close to the close of discovery on June 28, 2007, that Lilly cannot possibly schedule, prepare for and depose all five newly-named experts before discovery closes.

The *Kasparian* court addressed the prejudice caused by late-designations when it stated that "[b]ecause the late disclosure deprived Lilly of the opportunity to depose Dr. Piver, to challenge his credentials and testimony, and to retain its own expert to counter Dr. Piver's testimony, the belated identification of Dr. Piver as an expert in this case was prejudicial to Lilly. Accordingly, Dr. Piver and his testimony must be excluded." *Kasparian v. Eli Lilly and Co.*, 06-cv-00290 (D.D.C.) (Apr. 17, 2007 Order, at 3) **(Exhibit 6)**. Thus, plaintiff's untimely expert statement is not harmless because Lilly will suffer prejudice if the Court permits plaintiff's newly-identified experts to testify.

6

139998v2

If plaintiff is permitted to name expert witnesses more than four months beyond her deadline, and more than three months after Lilly's expert deadline, plaintiff will not only defeat the fundamental purpose of Rules 16 and 26 and eviscerate this Court's scheduling order, but plaintiff will also prejudice Lilly because Lilly will not be permitted the opportunity to name experts who can counter the testimony of plaintiff's untimely-named experts. *See Minebea Co.*, 231 F.R.D. at 5-6 ("The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial."). Therefore, this factor weighs heavily in favor of striking plaintiff's May 17th Statement.

### C.   In the Alternative, Scheduling Order Deadlines Should Be Extended

In the alternative, if the Court decides not to strike plaintiff's untimely-designated experts, Lilly urges the Court to extend the discovery deadlines to permit Lilly the opportunity to depose plaintiff's new experts and the opportunity to identify and disclose new experts of its own. Rule 16(b) states that the discovery deadlines can be extended by "a showing of good cause." Allowing plaintiff to ignore the deadlines set by this Court, but then requiring Lilly to strictly adhere to them would be wholly unfair. Plaintiff's late-designation of five experts therefore constitutes "good cause" for an extension of the discovery and all subsequent deadlines. Therefore, if the Court does not strike plaintiff's untimely-designated experts, then, in the alternative, Lilly respectfully requests that the close of discovery and all subsequent deadlines be extended by three months.

## CONCLUSION

For these reasons, Lilly respectfully requests that the Court issue the attached Order striking "Plaintiff's Supplemental 26(a)(2) Statement" and precluding plaintiff from calling John J. Hefferren, James P. DellaVolpe, Harold B. Sparr, Philip J. Cafferty, and Julius Piver, as witnesses at the trial of this case. In the alternative, Lilly respectfully requests a three month extension of all scheduling order deadlines so that Lilly may have the opportunity to depose plaintiff's untimely-named experts and the opportunity to identify and disclose new experts of its own.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiff's counsel to determine whether plaintiff opposes the relief requested in this motion. Plaintiff's counsel indicated that plaintiff opposes the granting of this motion.

       /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 19th day of June, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

       /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

139998v2