**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIDEY BLISS MAXWELL, | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No.: 05-cv-12447-RCL |
| ELI LILLY AND COMPANY, | ] |
| Defendant. | ] |

### PLAINTIFF'S 26(a)(2) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby submits, pursuant to Fed.R.Civ.P. 26(a)(2), the statements of the following experts who may be called as witnesses at trial in this cause:

> Harris Busch, M.D., Ph.D.
> Baylor College of Medicine
> 1 Baylor Plaza, Room 319D
> Houston, Texas  77030

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women. His curriculum vitae and fee for expert testimony have previously been provided. Dr. Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological effects of synthetic estrogen ingestion by pregnant women. Defendant is familiar with Dr. Busch's opinions and testimony from previous experience and testimony.

> Richard J. Falk, M.D.
> 1588 Lancaster Green
> Annapolis, MD  21401-6465


EXHIBIT 8

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendant in its initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendant was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious. Dr. Falk's fee for expert testimony will be provided.

**David K. Walmer, M.D., Ph.D.**
**Chief, Division of Reproductive Endocrinology & Fertility**
**Department of Obstetrics and Gynecology**
**Duke University Medical Center**
**DUMC 3143**
**Durham, NC 27710**

Dr. David Walmer is Board certified in both Obstetrics-Gynecology and Reproductive Endocrinology. His curriculum vitae and fee for expert testimony will be provided upon receipt. He is expected to testify as outlined in his previously produced report, that he has examined, diagnosed and treated Bridey Maxwell and that it is his opinion, based on his training, education, experience and review of the pertinent medical literature, that the Plaintiff's *in utero* DES exposure caused

numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterine cavity and cervical abnormalities. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility.

**Gilbert L. Mottla, M.D.**
**Shady Grove Fertility**
**2002 Medical Parkway, Suite 300**
**Annapolis, MD 21401**

Dr. Mottla is a board certified Obstetrician/Gynecologist, with a sub-specialty in infertility and reproductive technologies. His curriculum vitae and fee for expert testimony have previously been provided. He is expected to testify that the Plaintiff's in utero DES exposure caused numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterus. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility and put her at increased risk for additional miscarriages, ectopic pregnancy and/or pre-term delivery.

**Brian Strom, M.D., MPH**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, Pennsylvania   19104**

Dr. Strom is an expert in the field of Epidemiology. He has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between *in utero* DES exposure and poor pregnancy outcomes, fetal wastage, infertility, and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff, Bridey Maxwell, are causally related to her *in utero* exposure to DES and place her at high risk for poor pregnancy outcomes,

3

infertility, and pre-term delivery. A copy of Dr. Strom's curriculum vitae and fees for expert testimony have previously been provided. In addition, Defendant is familiar with Dr. Strom's opinions and testimony from previous experience and testimony.

**James P. Della Volpe**
**29 Benedict Road**
**Buzzards Bay, MA 02532**

Mr. Della Volpe is an expert in the field of wholesale pharmaceutical distribution, stocking and brand popularity of DES in 1969-70. He is expected to testify that if Kinne's Pharmacy in Needham, Massachusetts, ordered from McKesson and Robins, which was an Eli Lilly and Company wholesaler, the only DES that McKesson and Robins would have provided to the pharmacy for a prescription of DES similar to the prescription in this case was the Lilly brand. Mr. Della Volpe's report has previously been provided. A copy of his curriculum vitae and fee for expert testimony will be forwarded upon receipt.

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in retail pharmaeconomics, pharmacy history, practice and procedure, including brand identification, who will testify, as outlined in his recent deposition, that based on his experience, study and research, that Eli Lilly and Company had 95% of the diethylstilbestrol market at the relevant time of exposure in this case. A copy of Mr. Sparr's statement, curriculum vitae and fee for expert testimony have previously been provided.

The aforementioned experts' opinions are made at the time of these Statements, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

4

a.  Any expert identified by the defendant;

b.  Any expert not identified to present rebuttal testimony; and

c.  Any other physicians, nurses, and/or health care providers who have treated, examined, or evaluated Plaintiff Bridey Maxwell.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, Esq.
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
(202) 833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April 2006, a true copy of the foregoing Plaintiff's 26(a)(2) Statement was mailed, first-class postage prepaid to:

James Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210

_____
Aaron M. Levine