# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER ANN MOORE, | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No. 1: 06-cv-001252-RMU |
| ELI LILLY AND COMPANY, | ] |
| Defendant. | ] |

PLAINTIFF HEATHER ANN MOORE'S
RESPONSES TO DEFENDANT ELI LILLY AND COMPANY'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS OR TANGIBLE THINGS

1. Birth certificate of Heather Ann Moore.

**RESPONSE:** Attached hereto as Appendix No. 1.

2. All pharmacy records or prescriptions relating to the administration of drugs or medication, including the drug identified in your Complaint, to the mother of Heather Ann Moore during her pregnancy with Heather Ann Moore.

**RESPONSE:** Plaintiff does not possess any such documents.

3. If the drug identified in your Complaint allegedly taken by the mother of Heather Ann Moore during her pregnancy with Heather Ann Moore was obtained from a pharmacy, all documents which indicate the pharmacy from which such drug was obtained.

**RESPONSE:** See Statement of Philip Cavaretta, R.Ph. attached hereto as Appendix No. 2.

4. All documents and drafts of documents Plaintiff sent to or received from any of Heather Ann Moore's treating physicians or healthcare providers.

**RESPONSE:** Attached hereto as Appendix No. 3.

5. All documents and drafts of documents Plaintiff sent to or received from any healthcare provider who provided care to Heather Ann Moore's mother during her pregnancy with Heather Ann Moore.

**RESPONSE:** Plaintiff does not currently possess any such documents.

Plaintiff's counsel's cache of DES materials, including A-Forms, brochures, warnings, promotional literature, as well as state of the art literature are well-known to Defendant.

13. All documents which you contend show that the mother of Heather Ann Moore took the drug identified in your Complaint during her pregnancy with Heather Ann Moore.

**RESPONSE:** See Stilbestrol Schedule attached hereto as Appendix No. 6 and Plaintiff's medical records attached hereto as Appendix No. 5.

14. All documents which indicate the identity of the manufacturer of the drug identified in your Complaint which allegedly was taken by the mother of Heather Ann Moore during her pregnancy with Heather Ann Moore.

**RESPONSE:** See Statement of Philip Cavaretta, R. Ph. attached hereto as Appendix No. 2.

15. All documents upon which you rely to support your allegation that Heather Ann Moore has suffered any injury or developed any condition as a result of the mother of Heather Ann Moore's alleged ingestion of the drug identified in your Complaint.

**RESPONSE:** See Plaintiff's medical records attached hereto as Appendix No. 5 and the report of Katherine M. Bass, M.D. attached hereto as Appendix No. 7.

16. Any pills, capsules, tablets, containers, labels or other materials connected with the drug identified in your Complaint which was allegedly taken by the mother of Heather Ann Moore during her pregnancy with Heather Ann Moore.

**RESPONSE:** Plaintiff does not possess any such materials.

17. All photographs, films, videotapes, slides, illustrations or other pictorial depictions which you intend to rely upon at trial.

**RESPONSE:** Plaintiff has not yet completed discovery nor decided upon trial exhibits. This response will be supplemented.

3

18. Any written application for employment or for any policy of insurance upon the life of Heather Ann Moore, or for medical or hospital benefits or income continuation filed by or on behalf of Heather Ann Moore.

**RESPONSE:** Plaintiff does not possess any such documents.

19. A copy of all documents identified by you in response to Eli Lilly and Company's First Set of Interrogatories to Plaintiff Heather Ann Moore.

**RESPONSE:** None, other than those previously identified and attached to these responses.

20. All documents or things pertaining to DES or any other drug allegedly taken by the mother of Heather Ann Moore during her pregnancy with Heather Ann Moore, including newsletters, mailings, journal articles, clippings, correspondence with physicians, and correspondence with the mother of Heather Ann Moore which you or your family (as opposed to your attorneys) have collected.

**RESPONSE:** See Stilbestrol Schedule attached hereto as Appendix No. 6.

21. All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by your expert witness or for your expert witness in anticipation of the expert's trial and deposition testimony in this case.

**RESPONSE:** Plaintiff has not yet completed discovery and therefore reserves the right to supplement this response as discovery progresses.

22. All statements, written or otherwise, of persons having knowledge of facts relevant to this case.

**RESPONSE:** None, beyond those previously produced.

23. All documents upon which you rely to support your contention that DES was in a defective condition and was unreasonably dangerous.

**RESPONSE:** The Defendant's labeling and brochures, and the pertinent medical literature applicable to the state of the art, and the Defendant's warnings are well-known, previously litigated, and fully in possession of the Defendant.

24. All documents upon which you rely to support your contentions alleged in paragraphs 3 through 24 of your Complaint.

4

**RESPONSE:** Plaintiff's mother will execute written authorizations addressed to those relevant healthcare providers upon receipt from Defendant if Defendant agrees to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

AARON M. LEVINE & ASSOCIATES

_/s/ Aaron M. Levine_
Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff
